**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

SALTPONDS CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

ROCKHILL INSURANCE COMPANY; COLONY INSURANCE COMPANY; FIRST SPECIALTY INSURANCE CORP.; HALLMARK SPECIALTY INSURANCE COMPANY/LLOYD'S OF LONDON; HOMELAND INSURANCE COMPANY OF NEW YORK; LEXINGTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; LLOYD'S OF LONDON; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA; RSUI INDEMNITY; SCOTTSDALE INSURANCE COMPANY; and UNITED NATIONAL INSURANCE COMPANY,

Defendant.

Case No.

**NOTICE OF REMOVAL OF DEFENDANTS ROCKHILL INSURANCE COMPANY, HOMELAND INSURANCE COMPANY OF NEW YORK, RSUI INDEMNITY COMPANY, AND SCOTTSDALE INSURANCE COMPANY**

Rockhill Insurance Company ("Rockhill"), Homeland Insurance Company of New York ("Homeland"), RSUI Indemnity Company ("RSUI") and Scottsdale Insurance Company ("Scottsdale"), defendants in the above-styled matter, with the consent of all other defendants in this action and within the time prescribed by law and pursuant to 28 U.S.C. § 1441, file this notice of removal, respectfully showing the Court as follows:

## I. COMMENCEMENT AND SERVICE

1.

Plaintiff Saltponds Condominium Association, Inc. ("Saltponds") commenced this action on September 15, 2022 by filing a complaint in the Circuit Court of the 16th Judicial Circuit, Monroe County, Florida, which county is within the United States District Court for the Southern District of Florida and the Key West Division of this Court. (Exhibit 1: Notice of Service of Process, Summons, and Complaint served on Rockhill; Exhibit 2: Notice of Service of Process, Summons, and Complaint served on RSUI; Exhibit 3: Notice of Service of Process, Summons, and Complaint served on Scottsdale; Exhibit 4: Notice of Service of Process, Summons, and Complaint served on Homeland). The lawsuit is styled as above and is numbered as Case No. 22-CA-000632-K.

2.

Rockhill was served with a copy of the summons and complaint on November 30, 2022, by the Chief Financial Officer for the Florida Department of Financial Services, who transmitted a copy of the summons and complaint by electronic delivery to Rockhill's registered agent, Laurann M. Sage. (Ex. 1: Notice of Service of Process on Rockhill).

3.

RSUI was served with a copy of the summons and complaint on November 30, 2022, by the Chief Financial Officer for the Florida Department of Financial Services, who transmitted a copy of the summons and complaint by electronic delivery to RSUI's registered agent, Lynette Coleman. (Ex. 2: Notice of Service of Process on RSUI).

4.

Scottsdale was served with a copy of the summons and complaint on November 30, 2022, by the Chief Financial Officer for the Florida Department of Financial Services, who transmitted a copy of the summons and complaint by electronic delivery to Scottsdale's registered agent, Corporation Service Company. (Ex. 3: Notice of Service of Process on Scottsdale).

5.

Homeland was served with a copy of the summons and complaint on November 30, 2022, by the Chief Financial Officer for the Florida Department of Financial Services, who transmitted a copy of the summons and complaint by electronic delivery to Homeland's registered agent, Lynette Coleman. (Ex. 4: Notice of Service of Process on Scottsdale).

## II.   GROUNDS FOR REMOVAL

6.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

7.

The notice of removal of Rockhill, Homeland, RSUI and Scottsdale has been timely filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

8.

All other defendants named in this lawsuit have consented to the removal of this lawsuit to federal court. (Composite Exhibit 5: Consents to Removal of Co-Defendants).

## III.  COMPLETE DIVERSITY

9.

Saltponds is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Key West, Florida (Monroe County).

10.

Rockhill is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Columbus, Ohio (Franklin County). Therefore, Rockhill is diverse from plaintiff.

11.

This Court should ignore the citizenship of Homeland because, as discussed below, Homeland has been improperly joined as a defendant in this action. Even so, Homeland is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in Minnetonka, Minnesota. Therefore, Homeland is diverse from plaintiff.

12.

This Court should ignore the citizenship of RSUI because, as discussed below, RSUI has been improperly joined as a defendant in this action. Even so, RSUI is a corporation organized and existing under the laws of the State of New Hampshire,

with its principal place of business located in Atlanta, Georgia. Therefore, RSUI is diverse from plaintiff.

13.

This Court should ignore the citizenship of Scottsdale because, as discussed below, Scottsdale, has been improperly joined in this action. Even so, Scottsdale is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located in Scottsdale, Arizona. Therefore, Scottsdale is diverse from plaintiff.

14.

This Court should ignore the citizenship of Colony Insurance Company ("Colony") because, as discussed below, Colony has been improperly joined as a defendant in this action. Even so, Colony is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Richmond, Virginia. Therefore, Colony is diverse from plaintiff.

15.

This Court should ignore the citizenship of Swiss Re Corporate Capacity Insurance Corporation as successor in interest to First Specialty Insurance Corporation ("First Specialty") because, as discussed below, First Specialty has been improperly joined as a defendant in this action. Even so, First Specialty is a corporation organized and existing under the laws of the State of Missouri, with its

principal place of business located in New York. Therefore, First Specialty is diverse from plaintiff.

16.

This Court should ignore the citizenship of Hallmark Specialty Insurance Company ("Hallmark") because, as discussed below, Hallmark has been improperly joined as a defendant in this action. Even so, Hallmark is a corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business located in Dallas, Texas. Therefore, Hallmark is diverse from plaintiff.

17.

This Court should ignore the citizenship of Certain Underwriters at Lloyd's of London Subscribing to Policy 93PRX16EDCB, erroneously named Lloyd's of London, ("Certain Underwriters") because, as discussed below, Certain Underwriters has been improperly joined as a defendant in this action. Even so, Certain Underwriters is solely comprised of a single corporation, AXIS Corporate Capital UK II Limited, which is organized and existing under the laws of England and Wales, with its principal place of business located in London, England. Therefore, Certain Underwriters is diverse from plaintiff.

18.

This Court should ignore the citizenship of Lexington Insurance Company ("Lexington") because, as discussed below, Lexington has been improperly joined

as a defendant in this action. Even so, Lexington is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Boston, Massachusetts. Therefore, Lexington is diverse from plaintiff.

19.

This Court should ignore the citizenship of Liberty Surplus Insurance Corporation ("Liberty") because, as discussed below, Liberty has been improperly joined as a defendant in this action. Even so, Liberty is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts. Therefore, Liberty is diverse from plaintiff.

20.

This Court should ignore the citizenship of Certain Underwriters at Lloyd's of London Subscribing to Policy B1230AP04438A16, erroneously named Lloyd's of London, ("London Underwriters") because, as discussed below, the London Underwriters have been improperly joined as a defendant in this action. Even so, London Underwriters is comprised of the following corporations: (a) Lloyd's Syndicate ASC 1414 Ascot Group, which is organized and existing under the laws of Bermuda, with its principal place of business located in London, England; (b) Lloyd's Syndicate TAL 1183, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England;

(c) Lloyd's Syndicate HDU 382, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England; (d) Lloyd's Syndicate AMA 1200, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England; (e) Lloyd's Syndicate QBE 1886, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England; (f) Lloyd's Syndicate APL 1969, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England; and (g) Lloyd's Syndicate ARK 4020, which is organized and existing under the laws of the United Kingdom, with its principal place of business located in London, England. Therefore, London Underwriters is diverse from plaintiff.

21.

This Court should ignore the citizenship of Mitsui Sumitomo Insurance Company of America ("Mitsui") because, as discussed below, Mitsui has been improperly joined as a defendant in this action. Even so, Mitsui is a corporation organized and existing under the laws of the State of New York, with its principal places of business located in Warren, New Jersey and New York, New York. Therefore, Mitsui is diverse from plaintiff.

22.

This Court should ignore the citizenship of United National Insurance Company ("United") because, as discussed below, United has been improperly joined in this action. Even so, United is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Bala Cynwyd, Pennsylvania. Therefore, United National is diverse from plaintiff.

23.

For diversity purposes, a corporation is a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, there is complete diversity of citizenship between plaintiff and the only properly joined defendant corporation in this action, Rockhill.

24.

"[R]emoval may be appropriate if a nondiverse party has been fraudulently joined to defeat diversity jurisdiction." ***Pomona v. Wal-Mart Stores E., L.P.,*** 2020 U.S. Dist. LEXIS 65998 at *3 (S.D. Fla. Apr. 10, 2020) (*citing* ***Triggs v. John Crump Toyota, Inc.,*** 154 F.3d 1284, 1287 (11th Cir. 1998). As grounds for alleging improper joinder of Homeland, RSUI, Scottsdale, Colony, First Specialty, Hallmark, Certain Underwriters, Lexington, Liberty, London Underwriters, Mitsui and United (hereinafter "the excess insurers"), the removing defendants show that each of the

excess insurers cannot be found liable to plaintiff under any set of facts or theories of law alleged in plaintiff's complaint. The terms of the primary commercial property insurance policy issued by Rockhill, which is "Exhibit A" to plaintiff's complaint, as well as the terms of the excess insurers' excess policies plainly state that the excess insurers' excess policies are not triggered until the claimed loss exceeds $10,000,000.00 (ten million dollars) or more. Plaintiff's claimed loss and the amount in controversy in this action is $2,717,876.55, (Ex. 1: Complaint, ¶ 13), which does not trigger any of the excess insurers' excess policies.

25.

Attached to this notice of removal as "Exhibit 6" is a copy of the Schedule of Participating/Underlying Insurers ("Schedule"), which shows the amounts at which each defendant's coverage attaches. The Schedule states that the excess policies issued by Homeland, RSUI, Scottsdale, Colony, First Specialty, Hallmark, Certain Underwriters, Lexington, Liberty, London Underwriters, Mitsui and United do not attach until and unless plaintiffs' loss exceeds $10,000,000.00, which it does not in the case. The Schedule does not even reference the London Underwriters' policy because that policy's coverage does not attach until plaintiff's loss exceeds $1,000,000,000.00 (one billion dollars).

26.

Plaintiff's complaint therefore fails to state a claim against Homeland, RSUI, Scottsdale, Colony, First Specialty, Hallmark, Certain Underwriters, Lexington, Liberty, London Underwriters, Mitsui and United. *See* ***Reesey v. Fed. Emerg. Mgt. Agency,*** 2013 U.S. Dist. Lexis 207995 at *7-9 (S.D. Fla. July 9, 2013) (dismissing breach of contract claim against excess insurer whose excess policy was not triggered by the claimed loss); ***Ironshore Indem., Inc. v. Banyon 1030-32, LLC,*** 2010 U.S. Dist. LEXIS 153455 at *4 (S.D. Fla. June 17, 2010) (dismissing declaratory judgment action against excess insurer because the underlying coverage had not been exhausted).

## IV. AMOUNT IN CONTROVERSY

27.

Plaintiff has alleged in its complaint at paragraph 13 that the total amount of claimed damages from Hurricane Irma is $2,717,876.55. (Ex. 1: Complaint, ¶ 13).

28.

Rockhill provides the primary layer of insurance coverage in the amount of $10,000,000.00. (Ex. 6: Schedule). Plaintiff's claimed loss in the amount of $2,717,876.55 implicates only the primary layer of coverage provided by Rockhill, and clearly exceeds $75,000.00.

29.

As shown above, the amount in controversy as to Rockhill, the only properly joined defendant, exceeds the sum or value of $75,000.00, exclusive of interest and costs, and satisfies the jurisdictional prerequisite of 28 U.S.C. § 1332(a).

## V. CONCLUSION

30.

Because the amount in controversy in this lawsuit as to each properly joined defendant exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between plaintiff and all properly joined defendants, this case is subject to the original jurisdiction of this Court under 28 U.S.C. § 1332, and it may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

31.

Attached to this notice of removal as "Exhibit 7" are true and correct copies of all other process, pleadings, and orders served upon Rockhill, Homeland, RSUI and Scottsdale in this case, as required by 28 U.S.C. § 1446(a).

32.

Rockhill, Homeland, RSUI and Scottsdale have given written notice of the filing of this notice of removal plaintiff by mailing a copy of this notice to its attorneys of record by U.S. Mail and electronic mail at the following addresses:

Joseph W. Janssen, III, Esq.
John M. Siracusa, Esq.

Janssen, Siracusa & Keegan PLLC
19 West Flagler Street, Suite 618
Miami, Florida 33130
jsiracusa@jasilaw.com
jjanssen@jasilaw.com

33.

In accordance with 28 U.S.C. § 1446(a), Rockhill, Homeland, RSUI and Scottsdale will provide written notice of the filing of this notice of removal to Kevin Madok, Clerk of the Circuit Court of the 16th Judicial Circuit, Monroe County, Florida, and serve copies upon all parties.

WHEREFORE, defendants Rockhill Insurance Company, Homeland Insurance Company of New York, RSUI Indemnity Company, and Scottsdale Insurance Company respectfully pray that the above-captioned lawsuit be removed to the United States District Court for the Southern District of Florida, Key West Division.

Respectfully submitted this 9th day of December, 2022.

/s/ *Elizabeth D. Salinas*
Elizabeth D. Salinas, Esq.
FL Bar: 113394
Mozley, Finlayson & Loggins LLP
4767 New Broad Street
Orlando, FL 32814
407.514.2765
ESalinas@MFLLaw.com

*Attorney for Defendants Rockhill Insurance Company, Homeland Insurance Company of*

*New York, RSUI Indemnity Company, and Scottsdale Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

SALTPONDS CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v.

ROCKHILL INSURANCE COMPANY; COLONY INSURANCE COMPANY; FIRST SPECIALTY INSURANCE CORP.; HALLMARK SPECIALTY INSURANCE COMPANY/LLOYD'S OF LONDON; HOMELAND INSURANCE COMPANY OF NEW YORK; LEXINGTON INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; LLOYD'S OF LONDON; MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA; RSUI INDEMNITY; SCOTTSDALE INSURANCE COMPANY; and UNITED NATIONAL INSURANCE COMPANY,

Defendant.

Case No.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **NOTICE OF REMOVAL** using the Court's electronic filing system, and served a true and correct copy of same via U.S. Mail and electronic mail on the following:

| Joseph W. Janssen, III, Esq.<br>John M. Siracusa, Esq.<br>Janssen, Siracusa & Keegan PLLC<br>19 West Flagler Street, Suite 618<br>Miami, Florida 33130<br>jsiracusa@jasilaw.com<br>jjanssen@jasilaw.com<br><br>*Attorneys for Plaintiff Saltponds Condominium Association, Inc.* |
|---|

| Antonio D. Morin, Esq.<br>Akerman LLP<br>Three Brickell City Centre<br>98 Southeast 7th Street<br>Miami, FL 33131<br>antonio.morin@akerman.com<br><br>*Attorney for Hallmark Specialty Insurance Company* | Robert M. Darroch, Esq.<br>GOODMAN MCGUFFEY LLP<br>6751 Professional Parkway, Suite 103<br>Sarasota, FL 34240-8449<br>rdarroch@GM-LLP.com<br>FLService@GM-LLP.com<br><br>*Attorney for Colony Insurance Company* |
|---|---|
| Christopher M. Ramey, Esq.<br>Justin W. Sblano, Esq.<br>Butler Weihmuller Katz Craig LLP<br>400 N. Ashley Drive, Suite 2300<br>Tampa, Florida 33602<br>cramey@butler.legal<br>jsblano@butler.legal<br><br>*Attorneys for First Specialty Insurance Corporation* | Melissa McMillan Sims, Esq.<br>Judith B. Goldstein, Esq.<br>Berk Merchant & Sims PLC<br>2 Alhambra Plaza, Suite 700<br>Coral Gables, FL 33134<br>msims@berklawfirm.com<br>jgoldstein@berklawfirm.com<br><br>*Attorneys for Lexington Insurance Company* |

| | |
|---|---|
| Christine M. Renella, Esq.<br>Zelle LLP<br>SunTrust International Center<br>One Southeast Third Avenue, Suite 1600<br>Miami, FL 33131<br>crenella@zellelaw.com<br><br>*Attorney for Liberty Surplus Insurance Corporation* | Perry R. Goodman, Esq.<br>Mound Cotton Wollan & Greengrass<br>110 E. Broward Blvd., Suite 610<br>Fort Lauderdale, FL 33301<br>pgoodman@moundcotton.com<br><br>*Attorney for Mitsui Sumitomo Insurance Company of America* |
| Jason M. Chodos, Esq.<br>Zelle LLP<br>One SE Third Ave., Suite 1600<br>Miami, FL 33131<br>jchodos@zellelaw.com<br><br>*Attorney for United National Insurance Company* | Michael McGriskin, Esq.<br>Phelps Dunbar LLP<br>100 S. Ashley Drive Suite 2000<br>Tampa, FL 33602<br>michael.mcgriskin@phelps.com<br><br>*Attorney for Certain Underwriters at Lloyd's of London Subscribing to Policy B1230AP04438A16* |
| Michele A. Lo Presti, Esq.<br>Chartwell Law<br>100 SE 2ndStreet, Suite 2150<br>mloprestiwouters@chartwelllaw.com<br><br>*Attorney for Certain Underwriters at Lloyd's of London Subscribing to Policy 93PRX16EDCB* | |

This 9th day of December, 2022.

*/s/ Elizabeth D. Salinas*
ELIZABETH D. SALINAS
Florida Bar No. 113394
*Attorney for Defendants Rockhill Insurance Company, Homeland Insurance Company of New York, RSUI Indemnity Company, and Scottsdale Insurance Company*