UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

SALTPONDS CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff,                        CIVIL ACTION NO.  4:22-cv-10108-RKA

v.

ROCKHILL INSURANCE COMPANY,
COLONY INSURANCE COMPANY,
EVANSTON INSURANCE COMPANY,
FIRST SPECIALTY INSURANCE
CORPORATION, HALLMARK SPECIALTY
INSURANCE COMPANY/LLOYD'S OF
LONDON, HOMELAND INSURANCE
COMPANY OF NEW YORK, LEXINGTON
INSURANCE COMPANY, LIBERTY
SURPLUS INSURANCE CORPORATION,
LLOYD'S OF LONDON, MITSUI
SUMITOMO INSURANCE COMPANY OF
AMERICA, RSUI INDEMNITY,
SCOTTSDALE INSURANCE COMPANY and
UNITED NATIONAL INSURANCE
COMPANY,

      Defendants.

_____/

## FIRST SPECIALTY INSURANCE CORPORATION'S[1] MOTION TO DISMISS PLAINTIFF'S COMPLAINT

      Defendant, Swiss Re Corporate Solutions Capacity Insurance Corporation as successor in interest to First Specialty Insurance Corporation ("Swiss Re"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1404(a), moves to dismiss Plaintiff's Complaint:

---

[1] Swiss Re Corporate Solutions Capacity Insurance Corporation is the successor in interest to First Specialty Insurance Corporation.  Swiss Re Corporate Solutions Capacity Insurance Corporation consents to a name change via interlineation.

## I.    **Summary**

This matter arises out of Plaintiff's first party insurance claim for alleged Hurricane Irma property damage.  The subject policy contains a mandatory forum selection and choice of law clause for New York, which requires dismissal.  Plaintiff further filed suit on September 15, 2022, more than five years after the damage allegedly occurred.  New York's statute of limitations applies a three-year filing deadline to any lawsuit relating to the repair or replacement of real property pursuant to New York Civil Practice Law & Rules § 214.[2]  The lawsuit is therefore time-barred.  Plaintiff further failed to plead facts to suggest the claim reaches Swiss Re's $25,000,000.00 layer.  These three issues (forum selection; statute of limitations; and failure to pierce Swiss Re's layer) require dismissal with prejudice.

## II.    **Facts**

1.    On September 15, 2022, Plaintiff, Saltponds Condominium Association, Inc. ("Plaintiff"), filed suit for alleged Hurricane Irma damages to its condominium complex against Rockhill Insurance Company ("Rockhill"), pursuant to a commercial property insurance policy, Number EB3R16-10008, issued by Rockhill to Plaintiff.  Rockhill timely removed this matter to federal court.

2.    Hurricane Irma, which forms the basis of Plaintiff's claim, made landfall on September 10, 2017, more than five years before Plaintiff elected to file suit.  Plaintiff argues Irma caused $2,717,876.55 in unrepaired damages.  [DE 1-4; p. 8 of 71, ¶ 11-13].

3.    Swiss Re is an excess insurance carrier identified in a "Market Security Appendix" to the Rockhill Policy.  The Market Security Appendix identifies various carriers, including Swiss Re, as follows:

---

[2] New York law applies given the choice of law and forum selection clause.  Even if Florida law was to apply, the five year statute of limitations would bar suit as well.  Fla. Stat. § 95.11(2)(b).

## APPENDIX – MARKET SECURITY

This Schedule sets forth the participating insurers to the coverage provided herein, and the limits apply Per Occurrence.

For any insurer set forth below, whose participation is subject to an aggregate Limit for any specific peril, coverage, or participation, then that Limit is the maximum amount payable for that Insurers' participation. Once that Limit has been exhausted then the insurer set forth below will no longer have any further Liability under this Insurance contract.

Notwithstanding the available Limits set forth below, the individual limits and sublimits set forth in the Policy, to which this Schedule is attached and incorporated therein by reference, are the only limits available for the Named Insured and their identified insured locations(s):

| Coverage / Policy | Policy # | % of Overall Limit |
|---|---|---|
| **Property** | | |
| Rockhill Insurance Company (Lead) | RCPPRU000025-00 | 0.91% |
| Colony Insurance Company | XP263866 | 0.91% |
| Evanston Insurance Company | MKLV11XP005271 | 0.91% |
| First Specialty Insurance Corp. | ESP2002046 00 | 2.27% |
| Hallmark Specialty Insurance Company / Lloyds of London | 93PRX16EDCB / 73PRX16EDCA | 0.45% |
| Homeland Insurance Co. of New York | 795005378 | 4.55% |
| Lexington Insurance Co. | 061628735/00 | 25.00% |
| Liberty Surplus Insurance Corp. | 1000125847-03 / 1000238406-01 | 3.64% |
| Lloyd's of London | B1230AP04438A16 | 4.55% |
| Mitsui Sumitomo Insurance Co. of America | EXP7000413 | 9.09% |
| Rockhill Insurance Company | RCPXRU000010-00 | 4.55% |
| RSUI Indemnity | NHD398666 / NHD398667 | 31.82% |
| Scottsdale Insurance Company | AJS0000461 | 9.09% |
| United National Insurance Company | LP000846 | 2.27% |
| **Terrorism** | | |
| Underwriters at Lloyd's - Syndicate 623/2623 | W1A3DC160201 | 100.00% |
| **Boiler & Machinery** | | |
| Travelers Property Casualty Company of America | BME1-9H293713-TIL-16 | 100.00% |

[DE 1-3; p. 69 of 71].

4.      Swiss Re does not provide primary coverage under this insurance program, but only excess coverage.   Swiss Re's participation is limited to providing coverage in excess of $25,000,000.00, an amount far greater that Plaintiff's claim.  Swiss Re attaches a true and correct copy of policy number ESP2002046 00, identified in the above Market Security Appendix, as **"Exhibit A."** Swiss Re's attachment point is identified by the Excess Property Form at Schedule

of Participation/Underlying Insurers (identifying Swiss Re's Policy, Policy Number:  ESP2002046

00, as providing coverage under the insurance program in excess of $25,000,000.00).[3]

5.      Swiss Re's policy also contains a forum selection and choice of law clause:

**Applicable Law; Court Jurisdiction**

The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement.

The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

Special Terms and Conditions Endorsement, Form SP 6 208 0413.  "**Exhibit A**," p. 12 of 21.

6.      New York, which is Swiss Re's principal place of business, is therefore the proper

forum as the New York courts have exclusive jurisdiction over this dispute.  Plaintiff filed its

lawsuit long after the statute of limitations expired.  Plaintiff further pleads damages that are far

short of Swiss Re's attachment point.  Given these three issues, Plaintiff's allegations against Swiss

Re require dismissal with prejudice.

## III.     Standard

To survive dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must set forth "enough

facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007).  "Threadbare recitals of the elements of a cause of action, supported by merely

conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In

applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided

the following guidance to the district courts:

In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-

---

[3] See Exhibit "A," p. 11 of 21.

pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would like to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 Fed. Appx. 136, 138 (11th Cir. 2011) (citations omitted).

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiffs. *See Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). The district court must also consider "the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments," and where those exhibits control. *See F.TC. v. AbbVie Prods. LLC*, 713 F. 3d 54, 63 (11th Cir. 2013).

Interpreting an insurance policy is a question of law. *Pac. Emp'rs Ins. Co. v. Wausau Bus. Ins. Co.*, 2007 WL 2900452, at *4 (M.D. Fla. Oct. 2, 2007), citing *Graber v. Clarendon Nat'l Ins. Co.*, 819 So. 2d 840, 842 (Fla. 4th DCA 2002)); *Lissauer v. GuideOne Specialty Mut. Ins.*, 76 N.Y.S.3d 216, 218-19 (N.Y. App. Div. 2d Dept. 2018). If the language of an insurance policy is clear and unambiguous, courts must enforce it as written and according to its terms. *Chisholm Properties South Beach, Inc. v. Arch Specialty Insurance Company*, 21-CV-22960, 2022 WL 356452, at *5 (S.D. Fla. Feb. 7, 2022)(quoting *Washington Nat. Ins. Corp. v. Ruderman*, 117 So.3d 943, 948 (Fla. 2013); *City of New York v. Philadelphia Indem. Ins. Co.*, 864 N.Y.S.2d 454, 455-56 (N.Y. App. Div. 2d Dept. 2008).

## IV.   **Argument**

### A.   **New York is the proper forum.**

#### i.   **The forum selection clause requires exclusive jurisdiction in New York, and is therefore mandatory and must be enforced.**

The determination of "whether the forum selection clause is valid and enforceable is a procedural issue to be determined in accordance with the law of the forum state rather than the law of the state designated in the agreement." *Golden Palm Hosp., Inc. v. Stearns Bank Nat. Ass'n*, 874 So. 2d 1231, 1234 (Fla. 5th DCA 2004); *Fendi S.r.l. v. Condotti Shops, Inc.*, 754 So. 2d 755, 758 (Fla. 3d DCA 2000). Accordingly, Florida law applies in determining "the validity and enforceability of [the] forum selection clause" at issue, "despite a choice of law provision in the agreement." *See Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening*, 791 So. 2d 4, 14 (Fla. 1st DCA 2000)("Florida procedural rules govern a determination of the validity of a forum selection clause."). 28 U.S.C. § 1404(a), which codified *forum non conveniens*, allows dismissal under forum selection clauses. *Saye v. First Specialty Ins. Co.*, 3:14-CV-202-M, 2014 WL 1386565, at *1-2 (N.D. Tex. Apr. 9, 2014).

"Florida courts recognize a distinction between mandatory jurisdiction clauses in contracts which *require* that a particular forum be the exclusive jurisdiction for litigation . . . and permissive jurisdiction clauses which only provide that there *may* be jurisdiction over such litigation in a particular forum." *S & S Directional Boring And Cable Contractors, Inc. v. Am. Nat. Bank Of Minnesota*, 961 So. 2d 1046, 1047 (Fla. 2d DCA 2007)(quoting *Shoppes Ltd. P'ship v. Conn, 829* So.2d 356, 357-58 (Fla. 5th DCA 2002))(emphasis supplied); *Antoniazzi v. Wardak*, 259 So.3d 206, 209 (Fla. 3d DCA 2018)("The general rule is that 'a forum selection clause will be considered permissive if it lacks words of exclusivity.' By contrast, 'a forum selection clause is mandatory where the plain language used by the parties indicates 'exclusivity.' A forum selection clause will be deemed mandatory where, by its terms, suit may be filed only in the forum named in the clause . . . .")(internal citations omitted); *Travel Exp. Inv. Inc. v. AT & T Corp.,* 14 So. 3d 1224, 1226 (Fla. 5th DCA 2009)("On the other hand, permissive forum selection clauses are essentially a

'consent' to jurisdiction or venue in the named forum and do not exclude jurisdiction or venue in another forum."); *Agile Assur. Group, Ltd. v. Palmer*, 147 So. 3d 1017, 1018 (Fla. 2d DCA 2014) (citing with approval the Fifth DCA's holding in *Travel Exp. Inv. Inc.* that "the term 'the exclusive jurisdiction' contains words of exclusivity" and renders a venue selection "mandatory, not permissive.").

Here, the clause at issue is indisputably mandatory and must be enforced. It expressly requires that the "exclusive jurisdiction" of the parties' disputes will be in New York, which under the above cases renders the clause mandatory. To that point, on August 31, 2017, Circuit Court Judge Rex Barbas addressed this precise issue in *iStar Inc., f/k/a iStar Financial Inc.; and Tampa Marina Investments, L.L.C., v. Allied World Assur. Co. (U.S.); First Specialty Ins. Corp., et. al.*, Case No.: 17-CA-1013, Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida ("*iStar*"). A copy of this order is attached as "**Exhibit B**." In *iStar*, the insured sued First Specialty and three other co-insurers seeking first party property coverage. The forum selection clause there was identical to the one at issue before this Court.

First Specialty moved to dismiss the Complaint based on the contractually agreed-upon forum selection clause. Judge Barbas concluded that the forum selection clause was mandatory in nature and, thus, must be enforced. He dismissed all claims against First Specialty and ruled that: "the forum selection clause in Plaintiffs' and FSIC's [First Specialty] insurance contract selecting New York as the forum for any resulting litigation **is mandatory and enforceable as a negotiated term of the contract**." The court granted First Specialty's motion, leaving the insured to litigate against First Specialty in New York and against its three other co-insurers in Florida. The Court must do the same for Swiss Re here.

Other courts around the country enforce Swiss Re's identical forum selection clause.

*Chandler Management Corp. v. First Specialty Ins. Corp.*, 2013 WL 7158111, at *1 (Tex.Dist.) (finding the "contractual forum selection clause in the insurance policy is valid and enforceable under Texas law, and that dismissal is the appropriate method of enforcing a forum selection clause . . . Therefore, this case is hereby dismissed without prejudice to Plaintiff re-filing it in New York."); *Saye v. First Specialty Ins. Co.*, 3:14-CV-202-M, 2014 WL 1386565, at *5 (N.D. Tex. Apr. 9, 2014) (finding in an identical fact pattern with an identical forum selection clause, that "Plaintiff has, thus, not demonstrated that this Court should maintain this action notwithstanding the Policy's forum-selection clause, and the Court otherwise finds no extraordinary circumstances that would compel such a result."); *Deeba v. First Specialty Ins. Corp.*, CIV-14-00038-M, 2014 WL 4852268, at *4 (W.D. Okla. Sept. 19, 2014) (having "carefully reviewed the parties' submissions, the Court finds that plaintiff has not demonstrated that litigating this matter in New York is unreasonable or unwarranted" for an identical forum selection clause and facts); *Al Copeland Investments, LLC v. First Specialty Ins. Corp.*, CV 16-16346, 2017 WL 2831689, at *12 (E.D. La. June 29, 2017), *aff'd sub nom. Al Copeland Investments LLC v. First Specialty Ins. Corp.*, 884 F.3d 540 (5th Cir. 2018); *Institute v. First Specialty Ins. Corp.,* 2022 WL 1620415, at *3-4 (N.Y. Sup.) (same); *Villas of Ocean Dunes Association, Inc. v. First Specialty Ins. Corp.*, 2019 N.Y. Slip. Op. 32435(U), 7-8, 2019 WL 3841779, at *4 (N.Y. Sup.) (same); *In re First Specialty Ins. Corp.*, 13-20-00122-CV, 2020 WL 2611269, at *9 (Tex. App. -- Corpus Christi May 22, 2020)(granting mandamus and requiring a trial court to enforce the same forum selection clause).

Likewise, the U.S. Supreme Court and courts across Florida and New York have held forum selection clauses substantially identical to the Swiss Re forum selection clause at issue to be mandatory and enforceable.

ii.    **The U.S. Supreme Court Enforces Such Forum Selection Clauses.**

The U.S. Supreme Court enforces forum selection clauses.  For example, in *Atlantic Marine Constr. Co., Inc. v. U.S. District Court for the Western District of Texas, et al.*, 571 U.S. 49, 134 S.Ct. 568 (2013), the Supreme Court held that a contractual forum selection clause should be enforced in "all but the most exceptional cases."  *Id.* at *11, *citing Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).  In *Atlantic Marine*, Atlantic and J-Crew Management, Inc. ("J-Crew") entered into a construction project for work on a military base in Texas.  *Id.* at 573.  The contract contained a forum selection clause calling for any litigation arising from the contract to be filed in the Circuit Court for the City of Norfolk, Virginia or the U.S. District Court for the Eastern District of Virginia.  *Id.*   Nevertheless, in breach of that provision, J-Crew filed suit in the Western District of Texas.  *Id.*  Atlantic Marine moved to have the case transferred to Eastern District of Virginia. *Id.*  The federal district court, and subsequently the Fifth Circuit, after weighing a "nonexhaustive and nonexclusive list of public and private interest factors," concluded that the forum selection clause was only one of many factors to be considered when determining venue and that the convenience of the parties justified keeping the case in Texas.  *Id.* at *5, *citing U.S. ex rel. J-Crew Mgmt., Inc. v. Atlantic Marine Constr. Co.,* No. A-12-CV-228-LY, 2012 WL 8499879, *5 (W.D. Tex. Aug. 6, 2012).  Accordingly, both the District Court and the Fifth Circuit held that the litigation could continue in Texas despite the forum selection clause.

The U.S. Supreme Court reversed.  Justice Alito, writing for the unanimous Court, explained "the procedure that is available for a defendant in a civil case who seeks to enforce a forum selection clause."  *Id.* at *4.  The Court held that contractual forum selection clauses must be applied in all but the *most exceptional, unusual or uncommon cases* and that "private interest

factors,"[4] such as inconvenience, should *not be considered* when a trial court evaluates a motion to transfer based on a contractual Forum Selection Clause. *Id.* at *12 (emphasis added).  Justice Alito explained:

> When parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for pursuit of the litigation.  A court accordingly must deem the private-interest factors to weight entirely in favor of the preselected forum.  *Id.*

The Supreme Court chided the lower court for giving weight to J-Crew's claims of inconvenience.  The Supreme Court pointed out that "when J-Crew entered into a contract to litigate in Virginia, it knew that a distant forum might hinder its ability to call certain witnesses and might impose other burdens on its litigation efforts."  *Id.* at *14.

Further, while a court may consider "public interest factors," "those factors will rarely defeat a transfer motion."  *Id.* at *12.  The burden falls on the plaintiff to show that "public interest factors overwhelmingly disfavor a transfer" since "'the interest of justice' is served by holding parties to the bargain."  *Id.* at *13 (emphasis added).  The Supreme Court was critical of the District Court's rationale for denying transfer.  The District Court had held that public-interest factors "weighed in favor of keeping the case in Texas because Texas contract law is more familiar to federal judges in Texas than to their federal colleagues in Virginia."  *Id.* at *14.  The Supreme Court rejected such reasoning and cheekily responded: "We are not aware of any exceptionally arcane features of Texas contract law that are likely to defy comprehension by a federal judge sitting in Virginia."  *Id.*

---

[4] "Private Interest Factors" include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Atlantic Marine*, 2013 WL 6231157 at *12, n. 6, *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

### iii.     <u>Florida Courts Also Enforce Forum Selection Clauses.</u>

Though inapplicable based on the unambiguous language of the forum clause, Florida federal and state courts have both held that the legitimate expectations of contracting parties must be recognized and "directed" that forum selection clauses be enforced.

In Florida, it is not enough for a party to claim that enforcement of the parties' forum selection clause would result in additional expense or *inconvenience*.  *Manrique v. Fabbri*, 293 So. 2d 437, 440 n. 4 (Fla. 1986).  Rather, it is "incumbent on the party seeking to escape his contract to *show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court*." *Id.* (quoting with *approval M/S Breman v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972))(emphasis supplied).

In *Manrique*, the Supreme Court of Florida considered whether a forum selection clause in favor of the laws of the Netherlands Antilles should be enforced to dismiss a Florida state court action.  The clause stated that "[t]he laws of the Netherlands Antilles shall control in case of any such conflict or dispute between the parties to this agreement, who submit themselves to that jurisdiction." *Id.* at 438.  The defendant moved to dismiss the action for lack of jurisdiction based on a forum selection clause, but the trial court denied the motion.  On appeal, the Florida Supreme Court agreed with the U.S. Supreme Court and other courts holding that forum selection clauses are *prima facie* valid and should be enforced. *Id.*   It reversed the lower court's dismissal and enforced the forum selection clause. *Id.* at 439.

In addition to the *iStar* and *Manrique* cases discussed above, other Florida cases ruling on virtually identical clauses have also held that they are enforceable as a matter of law.  In *Am. Safety Cas. Ins. Co. v. Mijares Holding Co., LLC*, 76 So. 3d 1089 (Fla. 3d DCA 2011), the insured, Mijares Holding, owned Bulk Express Transport, a specialty trucking services provider in Florida.

Mijares Holding sued its two commercial auto carriers, American Safety and Odyssey American Reinsurance Corporation, sought reimbursement for a $1 million settlement of an underlying personal injury claim arising out of an accident involving a Bulk Express Transport vehicle.  *Id.* at 1091.  American Safety, moved to dismiss the complaint, arguing that "Mijares specifically and expressly agreed that the Superior Court of Cobb County, Georgia 'shall have jurisdiction and venue' in determining the parties' respective rights and obligations under the agreement."  The trial court denied the motion and American Safety appealed.  *Id.*

On appeal, the Third DCA acknowledged that "Florida courts have long recognized that '[f]orum selection clauses are presumptively valid.'"  *Id*.  The court found that the language of the forum selection clause was clear and unambiguous, stating: "The 2007–2008 policy states, 'the Named Insured . . . agrees that such court shall have jurisdiction and venue for the purposes of determining all rights and obligations under this agreement.'  This language is clear and unambiguous."  *Id.* at 1092.  Moreover, the court rejected Mijares' argument that splitting the case between Odyssey in Florida and American Safety in Georgia would lead to inconsistent results.  It stated:

> While we agree that inconsistent and simultaneous interstate litigation is an applicable compelling reason, we do not agree it applies in this case to override Florida law's presumption in favor of enforcing forum selection clauses.  Mijares' arguments regarding the possible impractical or inconsistent litigation it may have to pursue against other defendants who need not litigate in Georgia, do not overcome the certainty that Mijares freely agreed to the mandatory forum selection clause as to its claims against American.  *Id.*

The court reversed the trial court's order and directed the trial court to dismiss American from the Florida action based on the mandatory forum selection clause in favor of Georgia.  The Florida action remained as against Odyssey only.

In *Travel Exp. Inv. Inc. v. AT & T Corp.*, 14 So. 3d 1224, 1227 (Fla. 5th DCA 2009), the

clause under review provided that "[t]he parties consent to the exclusive jurisdiction of the courts located in New York City, USA."  The court observed that "[t]he clause . . . specifically provides that the parties consent to 'the exclusive jurisdiction' of the New York courts."  Accordingly, it reasoned, "[t]his exclusivity provision clearly makes this clause unambiguous and mandatory." *Id.*; *see also, Antoniazzi v. Wardak*, 259 So.3d 206, 209 (Fla. 3rd DCA 2018)("Even in the absence of such "magic words," a forum selection clause may be deemed mandatory where the language used "does clearly indicate that it is mandatory in nature. . . . Here the forum selection clause provides: 'The place of performance, the *exclusive jurisdiction* for all legal action and the venue for legal proceedings . . . is the place . . .' (emphasis added).  Thus, the plain language of this contract expresses an unmistakable intent to make the forum provision exclusive."); *Agile Assur. Group, Ltd. v. Palmer, supra.*

In *America Online, Inc. v. Booker*, 781 So. 2d 423 (Fla. 3d DCA 2001), the court expressly stated that "Courts have recognized that forum selection clauses enhance contractual and economic predictability, while conserving judicial resources and benefitting commercial entities as well as consumers."  *Id.* at 424-35 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594, 111 S. Ct. 1522, 1123 L.Ed.2d 622 (1991)).  The Third DCA specifically held that "Florida courts are *directed* to give effect to agreements on forum selection in order to 'recognize the legitimate expectations of the contracting parties'" to promote these public policy goals.  *Id.* at 425 (emphasis added); *see also Espresso Disposition Corp. 1 v. Santana Sales & Marketing Group, Inc.*, 105 So.3d 592, 595 (Fla. 3rd DCA 2013)("Further, '[a]s we have said on a number of occasions, if a forum selection clause 'unambiguously' mandates that litigation be subject to an agreed upon forum, then it is reversible error for the trial court to ignore the clause.'"); *Russomano v. Maresca*, 220 So.3d 1269, 1270 (Fla. 4th DCA 2017)(holding that forum selection clause requiring that any

legal proceedings "shall be brought in Lee County or the United States District Court, Southern District of Florida" is unambiguous and enforceable.); *Sonus-USA, Inc. v. Thomas W. Lyons, Inc.*, 966 So.2d 992 (Fla. 5th DCA 2007)(Court reverses trial court's decision and enforces mandatory forum selection clause in favor of Minnesota.); *Manrique v. Fabbri*, 293 So. 2d 437, 439 (Fla. 1986)(holding that forum selection clauses "provide a degree of certainty to business contracts by obviating jurisdictional struggles and by allowing parties to tailor the dispute resolution mechanism to their particular situation."); *Gold Crown Resort Marketing Inc. v. Phillpotts*, 272 So.3d 789, 792 (Fla. 5th DCA 2019)(Court reversed a lower court order denying defendant's motion to dismiss for improper venue based on a mandatory forum selection clause stating that the agreements at issue were subject to the "exclusive jurisdiction" of California.); *Baker v. Economic Research Services, Inc.*, 242 So.3d 450, 452 (Fla. 1st DCA 2018)(Court enforces forum clauses stating that the parties "'irrevocably and unconditionally' consent to submit to Delaware jurisdiction for 'any' actions, suits, proceedings, or litigation arising out of or relating to the agreements."); *Allstate Fire and Cas. Ins. Co. v. Hradecky*, 208 So.3d 184, 187 (Fla. 3rd DCA 2016)(Court enforces clause "[b]ecause the clause at issue specifically provides that litigation 'shall be brought, heard, and decided' in a specified forum . . . , we find that the clause is mandatory.").

Here, the parties to Swiss Re's excess insurance contract not only agreed to New York as the exclusive forum, but expressly waived the right to challenge that forum.  As such, Plaintiff is fully bound by that mandatory and unambiguous provision, so the contract requirement in favor of the Courts of the State of New York should be enforced.

        iv.     **<u>New York enforces forum selection clauses as well.</u>**

New York enforces forum selection clauses, as its courts "have repeatedly found forum selection clauses mandatory if they provide that a specified forum 'shall' hear a matter or that the forum is 'exclusive.'" *Walker, Truesdell, Roth & Associates v. Globeop Financial Services, LLC*, 43 Misc.3d 1230(A), 2013 N.Y. Slip Op. 52318(U), *5 (Sup. Ct., N.Y. Cnty. May 27, 2013); *see also Spirits of St. Louis Basketball Club, L.P. v. Denver Nuggets, Inc.*, 84 A.D.3d 454, 455-56 (1st Dep't 2011). A New York court would therefore also enforce Swiss Re's forum selection clause.

### B.    Plaintiff's Lawsuit is Barred by the Statute of Limitations.

As a matter of law, Plaintiff failed to state a cause of action based on the expiration of the statute of limitations. Plaintiff filed suit on September 15, 2022, more than five years after the damage allegedly occurred. New York has a three year statute of limitations.[5] When considering the value "declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865 (11th Cir. 2016). Actions for declaratory relief do not have their own statute of limitations. *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-81004-CIV-KAM, 2010 WL 376309, at *8 (S.D. Fla. Jan. 26, 1010). Instead, declaratory relief "is a mere procedural device by which various types of substantive claims may be vindicated[.]" *Id.* (citations omitted). For a declaratory relief action, the operate statute of limitations is based on the substance of the right sued. *Id., see also, AFFCO New Zealand, Ltd. v. Am. Fine Foods Corp.*, 913 F. Supp. 2d 1331, 1336 (S.D. Fla. 2012); *Save The View Now v. Brooklyn Bridge Park Corp.*, 68 N.Y.S.3d 478, 481 (N.Y. App. Div. 2d Dept. 2017). Here, the substantive rights sued upon is breach of an insurance contract.

---

[5] New York law applies given the choice of law and forum selection clause. Even if Florida law was to apply, the five year statute of limitations would bar suit. Fla. Stat. § 95.11(2)(b).

"[A] Rule 12(b)(6) dismissal on statute of limitation grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Machado v. Fla. Davis, Inc.*, No., 2010 WL 11578641, at *1 (M.D. Fla. Sept. 2, 2010) (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003). Here, it is facially apparent from the Plaintiff's Complaint that the claim is time-barred. "In general, a cause of action accrues, triggering commencement of the limitations period, when all of the factual circumstances necessary to establish a right of action have occurred . . ." *Gaidon v. Guardian Life Ins. Co. of Am.*, 750 N.E.2d 1078, 1083 (N.Y. 2001). Under New York law, claims for property damage accrue the date the injury to property occurs. *Manhattanville College v. James John Roemo Consulting Engr., P.C.*, 774 N.Y.S.2d 542, 546-47 (N.Y. App. Div. 2d Dept. 2004). It is facially apparent that the injury to property occurred when Hurricane Irma allegedly caused the damage to Plaintiff's property on September 10, 2017. *See* Pl. Comp. [DE 1-3; p. 8 of 71, ¶ 11-13].

N.Y. C.P.L.R. § 214 provides:

> § 214. Actions to be commenced within three years: for non-payment of money collected on execution; for penalty created by statute; to recover chattel; for injury to property; for personal injury; for malpractice other than medical, dental or podiatric malpractice; to annul a marriage on the ground of fraud.
>
> * * *
>
> 4. an action to recover damages for an injury to property except as provided in section 214-c;
>
> * * *

Based on the above, Plaintiff's action accrued on September 10, 2017. Plaintiff then had three years to file suit. *Suffolk County Water Auth. v. Dow Chem. Co.*, 991 N.Y.S.2d 613, 618 (N.Y. App. Div. 2d Dept. 2014)(a plaintiff is required to "commence an action to recover damages within three years of discovery of the injury"); *Verizon-New York, Inc. v. Reckson Associates Realty Corp.*, 796

N.Y.S.2d 922 (N.Y. App. Div. 1st Dept. 2005)("A review of the record reveals that defendant produced sufficient evidence to establish that the property damage at issue existed as of April 1999, rendering this action, commenced in June 2002, time-barred[.]"); *Ville de Port, Inc. v. Hess Corp.*, 946 N.Y.S.2d 70 (N.Y. Sup. Ct. 2012).

In the instant case, Plaintiff alleges injury to property occurring on September 10, 2017, and that it knew of the loss at the time:

> 11. On September 10, 2017, Hurricane Irma made landfall in Monroe County, and caused damage to the property.
> 12. PLAINTIFF timely reported its claim to DEFENDANTS.
> 13. The damages suffered by PLAINTIFF are estimated to be $2,717,876.55.

* * *

Plaintiff's injury allegedly occurred on September 10, 2017, more than five years ago. Plaintiff therefore failed to commence its action within three years from the date of the injury to property, as required by the statute. Plaintiff commenced this action when it filed the Complaint on September 15, 2022, well after the three-year limitation period expired.

C. **Plaintiff fails to plead allegations to reach Swiss Re's $25,000,000.00 layer**

Plaintiff seeks $2,717,876.55. *See* Pl. Comp. [DE 1-3; p. 8 of 71, ¶ 13]. Plaintiff's claim against Swiss Re, an excess insurer whose coverage begins after $25 million, must be dismissed because Plaintiff fails to plead that its loss enters that layer. "Primary coverage" exists where, under the terms of the policy, liability attaches immediately upon the happening of the occurrence that gives rise to liability. *See Privilege Underwriters Reciprocal Exch. v. Hanover Ins. Group*, 304 F. Supp. 3d 1300, 1308 (S.D. Fla. 2018), citing to *St. Paul Fire & Marine Ins. Co. v. Lexington Ins. Co.*, No. 05-80230-CIV, 2006 WL 1295408, at *4 (S.D. Fla. Apr. 4, 2006); *In re Viking Pump, Inc.* 52 N.E.3d 1144, 1156 (N.Y. 2016). Excess insurance, on the other hand, "exists where, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage

has been exhausted." *Id*.  Accordingly, an "excess insurance policy does not to come into effect unless and until the amount of damages exhausts the limits of the primary policy." *See Conley v. Fla. Fam. Ins. Co.*, 2010 WL 3385353, at *3 (N.D. Fla. Aug. 26, 2010); *St. Vincent's Hosp. & Med. Ctr. V. Ins. Co. of N.A.*, 457 N.Y.S.2d 670, 672 (N.Y. Sup. Ct. 1982).  Because Plaintiff has not alleged coverage that enters Swiss Re's layer, Plaintiff's claims against Swiss Re must be dismissed as a matter of law.  *See, e.g., Zodiac Group, Inc. v. Axis Surplus Ins. Co.*, 542 Fed. Appx. 844, 2013 WL 5718439 (11th Cir. 2013)(holding that district court properly granted insurer's motion to dismiss breach of contract and declaratory judgment claims because plain language of the policy precluded coverage for the underlying claim); *MJCM, Inc. v. Hartford Cas. Ins. Co.*, No. 8:09-CV-2275-T-17TBM, 2010 WL 1949585 (M.D. Fla. May 14, 2010)(granting motion to dismiss under Fed. R. Civ. P. 12(b)(6) on breach of contract claim because the underlying lawsuit was not covered under the insurance policy at issue).

Courts hold that failing to plead ultimate facts showing that excess coverage is triggered warrants dismissal.  For example, in *Reesey v. Fed. Emerg. Mgt. Agency*, 13-60488-CIV, 2013 WL 12086662, at *3 (S.D. Fla. July 9, 2013), the Court, interpreting an insurance contract, found that an excess policy was not triggered based on the allegations contained in the plaintiff's complaint.  Because the excess policy was not exhausted under the facts alleged, the court dismissed plaintiff's breach of insurance contract claim against the excess insurer.  *Id.*

The same outcome is warranted here: Plaintiff's allegations do not trigger the excess coverage provided by Swiss Re.  *See Id.*; *see also, Royal Hosp. Corp. v. Underwriters at Lloyd's*, No. 3:18-CV-000102, 2019 WL 4228490, at *4–5 (S.D. Tex. Aug. 20, 2019), *aff'd* 2019 WL 4225579 (S.D. Tex. Sept. 5, 2019)(granting dismissal of plaintiff's claims against an excess insurer where the "plain and unambiguous contractual language" provided that the excess layer was not

triggered until the primary was exhausted, holding that the plaintiff "cannot file a case against the [e]xcess [c]arriers when there is no actual dispute between the parties in the hopes that one day in the not-so-distant future there might be a real, live case or controversy"). Plaintiff's lawsuit against Swiss Re must therefore be dismissed as a matter of law.

V.    **Conclusion**

WHEREFORE, Defendant, Swiss Re Corporate Solutions Capacity Insurance Corporation, as successor in interest to First Specialty Insurance Corporation, respectfully requests that the Plaintiff's Complaint be dismissed with prejudice, and for all other relief that this Court deems just and proper.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Christopher M. Ramey
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.:  0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.:  1008138
jsblano@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Secondary:    hkerr@butler.legal
                      ebarker@butler.legal
Tel.: (813) 281-1900
Fax: (813) 281-1100
*Attorneys for Defendant, Swiss Re Corporate Solutions*
*Capacity Insurance Corporation as successor in interest*
*to First Specialty Insurance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record identified on the Service List below.

### **Service List**

John M. Siracusa, Esq.
Joseph W. Janssen, III, Esq.
Janssen, Siracusa & Keegan, PLLC
19 West Flagler Street, Suite 618
Miami, FL 33130
Tel.: (305) 428-2776
Fax: (561) 420-0576
*Attorneys for Plaintiff/Counter-Defendant,*
*Saltponds Condo. Ass'n, Inc.*

Michele Lo Presti-Wouters, Esq.
Marcus G. Mahfood, Esq.
Chartwell Law
100 SE 2nd Street, Suite 2150
Miami, FL 33131
Tel.: (305) 372-9044
Fax: (305) 372-5044
*Attorneys for Defendant,*
*Hallmark Specialty Insurance*
*Company/Lloyd's of London*

Kristen K. Johnson, Esq.
Mozley, Finlayson & Loggins, LLP
4767 New Broad Street
Orlando, FL 32814
Tel.: (407) 514-2765
*Attorneys for Defendant,*
*Rockhill Insurance Company*

Christine M. Renella, Esq.
Zelle LLP
1 SE 3rd Ave., Ste. 1600
Miami, FL 33131
Tel.: (609) 682-0719
*Attorneys for Defendant,*
*Liberty Surplus Ins. Corp.*

Robert M. Darroch, Esq.
Sara K. Blackwell, Esq.
Goodman McGuffey, LLP
6751 Professional Parkway, Suite 103
Sarasota, FL 34240
Tel.: (941) 953-4411
Fax: (941) 953-4410
*Attorneys for Defendant,*
*Colony Insurance Company*

Matthew L. Litsky, Esq.
Phelps Dunbar LLP
100 South Ashley Drive, Suite 2000
Tampa, FL 33602
Tel.: (813) 472-7550
Fax: (813) 472-7570
*Attorneys for Defendant,*
*Certain Underwriters at Lloyd's, London*
*Subscribing to Policy No.*
*B1230AP04438A16*

Perry R. Goodman, Esq.
Mound Cotton Wollan & Greengrass LLP
110 E. Broward Blvd., Suite 610
Fort Lauderdale, FL 33301

Judith B. Goldstein, Esq.
Melissa M. Sims, Esq.
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700

Tel.: (954) 467-5800
Fax: (954) 467-5880
*Attorneys for Defendant,*
*Mitsui Sumitomo Ins. Co. of America*

Coral Gables, FL 33134
Tel.: (786) 338-2877
Fax: (786) 338-2888
*Attorneys for Defendant,*
*Lexington Ins. Co.*

Collin D. Jackson, Esq. (FL Bar No.
1018081)
jackson@litchfieldcavo.com
Litchfield Cavo LLP
600 Corporate Drive, Suite 600
Fort Lauderdale, Florida 33334
Tel.: (954) 689-3000
Fax: (954) 689-3001
*Counsel for Defendant,*
*United National Insurance Company*

/s/ Christopher M. Ramey
CHRISTOPHER M. RAMEY, ESQ.